JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

_____
_____
_____
_____
_____
_____

**CASE NO.:** CV 16-03230 SJO (AJWx)        **DATE:** May 25, 2016

**TITLE:** Deutsche Bank National Trust Company v. Jacinto Gutierrez et al.

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**       **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                        Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION TO REMAND** [Docket No. 7.]

This matter is before the Court on Plaintiff Deutsche Bank National Trust Company as Trustee for Downey 2005-AR4's ("Plaintiff") Ex Parte Application requesting an order to remand this action to the Los Angeles Superior Court ("Application"), filed May 23, 2016. Defendants Jacinto Gutierrez and Somphit Saeliem (collectively, "Defendants") opposed the Application on May 24, 2016 ("Opposition"). The Court finds good cause to **GRANT** the Application.

First, removal based on diversity jurisdiction is improper because removal was made more than one year after commencement of the action, 28 U.S.C. § 1446(c)(1). Second, removal based on federal question jurisdiction is improper because: (1) Defendants may not remove a case to federal court on the basis of a federal defense to a state law claim; and (2) Defendants filed the notice of removal past the 30-day deadline, 28 U.S.C. §§ 1446(b)(1), (3). *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]. Federal jurisdiction cannot be predicated on an actual or anticipated defense.").

IT IS SO ORDERED.